FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS R. BURGDORFF, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC., a Delaware Corporation,<br><br>　　　　　Defendant. | No. 4:25-CV-05044-ACE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

**BEFORE THE COURT** is Plaintiff's May 2, 2025, motion to remand this matter to the Superior Court of Benton County, Washington. ECF No. 5. Defendant filed a timely response, ECF No. 6, and Plaintiff filed a timely reply brief, ECF No. 9. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand but **DENIES** Plaintiff's request for an award of attorney's fees and costs.

## LEGAL STANDARD

A defendant may remove a matter from state court to federal court by filing a notice of removal. The notice of removal shall be filed within thirty (30) days of service of an initial pleading, or summons, which sets forth the amount in controversy, 28 U.S.C. § 1446(b)(1); however, if the party is unable to ascertain

ORDER - 1

whether the action is removable on the face of the initial pleading, the party must file a notice of removal "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3).  If a "notice of removal is filed after [the] thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 974 (9th Cir. 2007).  The timing requirement of the removal statute is mandatory.  *See Hawaii ex rel. Louie v. HSBC Bank Nev. N.A.,* 761 F.3d 1027, 1034 (9th Cir. 2014); *Antares Oil Corp. v. Jones*, 558 F.Supp. 62 (D.C. Colo. 1983) (finding remand was proper when Defendant filed petition for removal 31 days after being served with service of process).

## DISCUSSION

### A.     Remand

Plaintiff avers Defendant filed a Notice of Removal on April 10, 2025, thirty-one days after Defendant received the Statement of Arbitrability, which is when Defendant could ascertain that the action was removable.  ECF No. 5 at 5.  Defendant concedes it mistakenly missed the removal deadline by one day and consents to a remand to state court.  ECF No. 6.

Accordingly, the Court agrees with the parties that the case must be remanded to superior court.

### B.     Attorney's Fees

Plaintiff seeks attorney's fees and costs incurred in obtaining remand.  ECF No. 5 at 6.  Defendant requests that the Court not award fees related to the remand for a one-day-late filing which was otherwise right and meritorious.  ECF No. 6 at 2, 5-6.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, costs and fees should only be awarded when the

ORDER - 2

removing party had no "objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation omitted); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists, fees should be denied.").

The Court finds that removal was neither in bad faith[1] nor "objectively unreasonable." Moreover, Plaintiff has not demonstrated unusual circumstances that would warrant fees and costs in this matter. Although Plaintiff's counsel indicates in his reply brief that the parties earlier agreed to a two-week extension of Defendant's deadline to file an answer yet Plaintiff was still required to file a motion for default when Defendant did not timely answer, ECF No. 9 at 3, 5-6, it does not excuse Plaintiff from continuing to extend professional courtesy in the case by making an attempt to reach defense counsel to resolve the issue of remand without Court involvement. There would have been greater support for Plaintiff's request for fees had efforts been made to contact defense counsel prior to the filing of the instant motion to remand. Based on the circumstances presented here, the Court declines to award Plaintiff's fees and costs incurred to obtain this remand.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, **ECF No. 5**, is **GRANTED**. Plaintiff's request for attorney's fees and costs is **DENIED**.

2. All pending deadlines and hearings are **STRICKEN**.

///

///

---

[1] A finding of bad faith is not required for an award of fees for improper removal. *McConnell v. Mothers Work, Inc.*, 479 F.Supp.2d 1147, 1150 (W.D. Wash. 2001) citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992).

ORDER - 3

**IT IS SO ORDERED**. The District Court Executive shall **REMAND** this case to the Superior Court of Benton County, Washington, and **CLOSE THE FILE**.

DATED May 27, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4